UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
LOTTOTRON, INC.,                        )   No. C12-0524RSL
                                        )
                    Plaintiff,          )
        v.                              )
                                        )   ORDER APPOINTING RECEIVER
BONNE CHANCE N.V., *et al.*,            )
                                        )
                    Defendants.         )
_____)

On February 1, 2012, plaintiff registered in this district a judgment obtained in the District of New Jersey against four corporate entities. Dkt. # 1. Plaintiff then filed an application for the appointment of a receiver to take immediate possession and control of certain domain names purportedly owned by the judgment debtors. Dkt. # 3. Although plaintiff mailed copies of the motion to the four defendants, Bonne Chance N.V., I-Services N.V., CB Corporation, and Allgames Casinos Ltd., as well as the registrars of the domain names at issue, personal service was not attempted.

When defendant CB Corporation (n/k/a Excent Investment Corporation) learned that its domain names had been administratively frozen to prevent transfer pending resolution of this action, it appeared in this action, opposed the appointment of a receiver, and challenged the underlying default judgment in the District of New Jersey. On April 27, 2012, Lottotron and Excent filed a stipulation for dismissal of plaintiff's claims against Excent. The default judgment in the District of New Jersey was also vacated by stipulation.

ORDER APPOINTING RECEIVER

Because plaintiff had not served Bonne Chance, I-Services, or Allgames pursuant to Fed. R. Civ. P. 4, the Court was concerned that its service attempts did not satisfy the requirements of due process. The Court therefore ordered plaintiff to serve the summons, the motion for appointment of receiver, and the Court's order via the U.S. Postal Service and e-mail on defendants Bonne Chance, I-Services, and Allgames at the various addresses maintained by the registrars of the domain names superiorcasino.com, freespincasino.com, and brandycasino.com. Plaintiff voluntarily dismissed its claims against Bonne Chance and has provided proof of service on I-Services and Allgames. Neither of the remaining defendants has appeared in this action or otherwise responded to plaintiff's application for appointment of receiver.

Having reviewed the memoranda, declarations, and exhibits submitted by plaintiff and the remainder of the record, the Court finds that good and sufficient grounds exist for the appointment of a receiver pursuant to the Washington Act Relating to Receivership, RCW Ch. 7.60. A receivership is necessary to ensure justice to the parties and to preserve the domain names <freespincasino.com> (owned by judgment debtor I-Services N.V.) and <brandycasino.com> (owned by judgment debtor Allgames Casinos Ltd.) for the benefit of the judgment creditor, plaintiff Lottotron, Inc. It is FURTHER ORDERED that:

(1) <u>Appointment of Receiver</u>

Mark D. Northrup of Graham & Dunn PC is appointed as custodial receiver ("Receiver") of the domain names <freespincasino.com> and <brandycasino.com>. Receiver shall, within five (5) days of the date of this Order, submit to the court a receivership bond in the amount of $1,000.00 conditioned upon the faithful performance of his duties herein and compliance with the orders of this Court. The costs of the bond will be reimbursed to the Receiver from the assets of the receivership estate unless the Court finds that the bond has been forfeited. The Receiver shall not be subject to the control of any of the parties to this matter, but shall be subject only to the Court's direction in the fulfillment of his duties.

(2) <u>Powers and Duties of Receiver</u>

(a) The Receiver shall have all of the rights, powers, duties, and authority vested in him under the Washington Act Relating to Receivership, RCW Ch. 7.60, including but not limited to authority and control over the domain names <freespincasino.com> and <brandycasino.com>, in order to maximize the value of the domain names for the benefit of the parties and to make whole the judgment creditor, plaintiff Lottotron, Inc.

(b) The Receiver shall take immediate control and possession of the domain names <freespincasino.com> and <brandycasino.com>. The registrars shall transfer each of the domain names into a registrar account controlled by the Receiver. The Receiver and the registrars shall take all other necessary and appropriate actions to affect the transfer of the domain names <freespincasino.com> and <brandycasino.com> into the Receiver's control and possession.

(c) The Receiver shall have authority to use, sell, lease, or otherwise dispose of the domain names <freespincasino.com> and <brandycasino.com> pursuant to RCW 7.60.260. Except as may otherwise be ordered by this Court, the notice period for disposition of any or all of the domain names shall not be less than thirty (30) days.

(d) The Receiver is authorized to contract with, hire, pay, direct, and discharge all persons reasonably deemed necessary by the Receiver, in his sole discretion, for the maintenance and liquidation of the domain names <freespincasino.com> and <brandycasino.com> in his efforts to maximize the value of the domain names for the benefit of the parties and to make whole the judgment creditor, plaintiff Lottotron, Inc.

(e) Upon distribution or disposition of the domain names <freespincasino.com> and <brandycasino.com> and/or completion of the Receiver's duties hereunder, the Receiver shall move the Court to be discharged. The Receiver shall continue to perform the duties set forth in this Order with the aim of maximizing the value of the domain names <freespincasino.com> and <brandycasino.com> for the benefit of the parties and to make whole

the judgment creditor, plaintiff Lottotron, Inc., until discharged by the Court.

    (3) <u>Fees and Expenses of Receiver</u>

Receiver shall be entitled to charge as fees for services his or his staff's standard hourly rates and shall be reimbursed for all reasonable costs expended in carrying out his duties as Receiver. Such fees and expenses shall include reasonable fees for services performed prior, but directly related, to the appointment of the Receiver herein. Within one business day of incurring or contracting to incur any third-party expense of over $100, the Receiver shall give notice of the expense to plaintiff, any other person or entity that has requested notice, and any person or entity that has asserted a lien against the domain names <freespincasino.com> and/or <brandycasino.com>. Receiver shall also provide notice of his and his staff's fees for services on a monthly basis. If no written objection served on all interested parties is made to the fees or expenses within ten (10) calendar days following the date of notice, the fees and expenses shall be deemed approved as being fully and finally earned. The approved fees and expenses shall be paid from the assets of the receivership estate and shall be a first priority lien on the domain names <freespincasino.com> and <brandycasino.com>, with priority over all other liens including statutory liens. If the interested parties are unable to resolve an objection to a fee or expense within thirty (30) days of the date of such objection, any party may file a motion with the Court to resolve the objection.

    (4) <u>Reporting</u>

The Receiver shall file a bi-monthly report of his operations and financial affairs in the above-captioned matter that includes the information set forth in RCW 7.60.100. The Receiver is expressly relieved from the monthly reporting requirement of the statute.

    (5) <u>Surplus Funds</u>

In the event that the sale, lease, or other disposition or use of the domain name <freespincasino.com> exceeds $336,000.00 and/or that the sale lease, or other disposition or use of the domain name <brandycasino.com> exceeds $1,545,600.00 (the amounts owed by the

ORDER APPOINTING RECEIVER              -4-

1  judgment debtors I-Services and Allgames, respectively), any surplus funds shall be deposited
2  into the registry of the Court.
3      (6)  <u>Non-Interference</u>
4          Judgment debtors I-Services and Allgames are prohibited from the sale, transfer, or
5  other disposition of the domain names <freespincasino.com> and <brandycasino.com> unless
6  and until the Receiver is discharged.  I-Services and Allgames are hereby restrained from
7  interfering with the Receiver's efforts to maximize the value of the domain names or from taking
8  any actions that would reduce the value of the domain names.
9
10         For all of the foregoing reasons, plaintiff's application for appointment of receiver
11 (Dkt. # 3) is GRANTED.  Plaintiff shall provide statutory notice of entry of this Order to all
12 named defendants.
13
14         Dated this 27th day of July, 2012.
15
16                                 Robert S. Lasnik
17                                 United States District Judge

ORDER APPOINTING RECEIVER                -5-